# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-7170**                                            **September Term, 2025**

1:23-cv-02553-DLF

**Filed On:** October 3, 2025

Employee #1,

       Appellant

    v.

Barbara J. Bazron, Director of Department of
Behavioral Health in her individual capacity,
et al.,

       Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Millett, Pillard, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P.
34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing; the motion for leave
to file an appendix and a final appellant's brief out of time, the lodged appendix, the
final appellant's brief, and the opposition to the motion; and the motion to re-brief, it is

**ORDERED** that the motion to re-brief be denied. It is

**FURTHER ORDERED** that the motion for leave to file an appendix and a final
appellant's brief out of time be granted. The court considers the contents of the
appendix to the extent that they constitute part of the record on appeal. See Fed. R.
App. P. 10(a), 30(a)(1). The Clerk is directed to file the lodged appendix. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's September 29,
2024, order be affirmed in part and vacated and remanded in part. On appeal,
appellant presses only his claim against the District of Columbia for national-origin
discrimination and his claim against University Legal Services, Inc., for defamation. We

affirm the district court's dismissal of the first claim because appellant's filings failed to nudge his claim "of invidious discrimination 'across the line from conceivable to plausible.'" Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Although appellant contends that D.C. treated him worse than similarly situated employees, he has not alleged "enough facts about those comparators and the relevant context to allow a plausible inference that he was treated differently because of his" national origin.  Joyner v. Morrison & Foerster LLP, 140 F.4th 523, 530 (D.C. Cir. 2025).  However, we vacate the district court's order as to appellant's defamation claim against University Legal Services and remand with instructions to dismiss that claim without prejudice for lack of jurisdiction because the district court had neither diversity nor supplemental jurisdiction over that D.C.-law claim. See id. at 536–37.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**